UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INVESTOR COMMUNICATIONS INTERNATIONAL, INC.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents. | CASE NO. C05-1961C<br><br>ORDER |

This matter comes before the Court on a motion to dismiss by Respondent United States (Dkt. No. 5) and Petitioner Investor Communications International, Inc.'s ("ICI") motion for an extension of time to serve its petition (Dkt. No. 10). Having considered the memoranda, declarations, and exhibits submitted by the parties and the allegations in the complaint, and finding oral argument unnecessary, the Court will DENY the motion to dismiss and GRANT the motion to enlarge time.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case is one of three substantively identical petitions to quash subpoenas served by the IRS on third parties holding Petitioner tax records. Each of the three cases arises from the January 19, 2005, issuance of subpoenas by IRS agent Paul Shipley; in this case the subpoena was mailed to Bank of America Bankcard Services ("BOA").[1] (Dkt. No. 1-5.) Shipley mailed a copy of the subpoena to ICI on

---

[1] ICI's petition to quash a subpoena to U.S. Bank was assigned case number C05-1959Z; the petition to quash the subpoena to Bank of America was assigned case number C05-1960R.

ORDER – 1

the same day, notifying ICI that its petition to quash the subpoena must be filed within twenty days "of the date of this notice." (*Id.* at 10.) The notice also advised ICI that "[a]t the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to . . . the [IRS] officer whose name and address are shown on the face of this summons." (*Id.*) Finally, the notice advised ICI that its petition "must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4." (*Id.*)

ICI responded by filing its petition to quash the subpoena to BOA on February 8, 2005, exactly twenty calendar days after the date that Shipley mailed the subpoena.[2] (Dkt. No. 1.) The proof of service accompanying ICI's petition stated that counsel mailed copies of the petition to both Shipley (at his address on the subpoena) and BOA on that same day. (Dkt. No. 1-3.) However, the proof of service did not state whether the service had been accomplished by certified or registered mail, and did not indicate service on the United States. (*Id.*) Counsel for ICI later conceded that the United States had not been served due to an administrative error. (*See* Opp'n 3.)

Nothing transpired in any of the three related cases for the next eight months, until the United States filed identical motions to dismiss on October 28, 2005, in all three cases. This case was then reassigned, and in December ICI opposed the motion to dismiss and filed a motion to extend its time to serve the United States with its petition. (Dkt. No. 10.) The Court subsequently continued the noting date on the motion to dismiss to allow ICI to complete the briefing on its motion for an extension of time. (Dkt. No. 12.)

**II.   LEGAL ANALYSIS**

　　*A.   Jurisdiction to Hear the Petition Under 26 U.S.C. § 7609*

The United States argues that ICI's failure to serve the United States with the petition within 120 days, as required by Rule 4(m), divests the Court of jurisdiction under 26 U.S.C. § 7609(b)(2)(B). (*See*

---

[2] On February 14, ICI filed an amended petition that differed from the original by adding language regarding the IRS's investigation into one of ICI's former owners. (Dkt. No. 3.)

ORDER – 2

Dkt. No. 5.) Because § 7609 constitutes a limited waiver of sovereign immunity by the United States as to petitions to quash IRS subpoenas, the United States argues that failure to strictly comply with the instructions on the subpoena divests the courts of jurisdiction and requires dismissal.[3]  (*Id.* at 5.)

The Court disagrees and finds that it does retain jurisdiction to hear ICI's petition. The text of § 7609 makes clear that ICI's petition was filed and served in a manner consistent with the government's limited waiver of subject matter jurisdiction. Under § 7609(b)(2), ICI was on notice of the IRS subpoena as of the postmarked date on the subpoena; it was thus required to file and serve its petition within twenty calendar days "by registered or certified mail . . . to the person summoned and to such office as the Secretary may direct in the [subpoena]." Citing this provision, the subpoena itself required ICI to mail its petition by certified or registered mail to Agent Shipley and BOA. (Dkt. No. 1-5 at 10.) There is no dispute that ICI complied in full with these provisions as to its original petition, and the Court does not read into the specific text of § 7609(b)(2)(B) nor the subpoena itself an additional *jurisdictional* requirement that the United States be served consistent with Rule 4. Accordingly, the Court DENIES the United States' motion to dismiss as to ICI's original petition filed on February 8, 2006.

  B. *Enlargement of Time to Serve Petition*

The separate issue of whether ICI should be given leave from the requirements of Rule 4 is the subject of both the United States' motion to dismiss and ICI's motion for an enlargement of time to serve its petition. ICI concedes that it has not yet served the United States with the petition and thus violated the requirement in Rule 4(m) that it effect service on the United States within 120 days of the filing of its petition. (Pet. Mot. 2–3.) That rule provides that "if the plaintiff shows good cause for the failure [to

---

[3] The United States filed identical motions to dismiss in each of the three cases. In December, Judge Zilly granted the United States' motion to dismiss, finding that the failure to serve the United States within 120 days exceeded the scope of the jurisdictional waiver in § 7609. (Case No. C05-1959Z, Dkt. No. 7.) In January, following the filing of a declaration by counsel for ICI that its petition had been served on Shipley and BOA by certified mail, Judge Robart denied the motion to dismiss and granted ICI's motion for an extension of time to serve the United States. (Case No. C05-1960R, Dkt. No. 17.)

ORDER – 3

serve], the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). There is no basis to suggest that any party will be prejudiced from permitting additional time for ICI to serve its petition, especially given the fact that Agent Shipley and BOA have long been on notice of the petition. In light of the long delay by the United States in identifying the service defect, the Court finds that ICI's good faith efforts to comply with its service requirements represent good cause to extend its time to serve the petition. Accordingly, the Court GRANTS ICI's motion for an enlargement of time.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES the United States' motion to dismiss (Dkt. No. 5). Further, the Court GRANTS Petitioner ICI's motion for an enlargement of time to serve its petition on the United States (Dkt. No. 10). ICI is DIRECTED to serve the United States with its originally filed petition with seven days of the date of this Order.

SO ORDERED this 3rd day of March, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

ORDER – 4