1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INVESTOR COMMUNICATIONS
INTERNATIONAL, INC.,

          Petitioner,

   v.

UNITED STATES OF AMERICA, et al.,

          Respondents.

CASE NO. C05-1961C

ORDER

      This matter comes before the Court on Petitioner's motion for reconsideration (Dkt. No. 32) of the Court's order (Dkt. No. 30) dismissing the case for lack of subject matter jurisdiction under 26 U.S.C. § 7609(h)(1). Petitioner argues that the Court interpreted the statutory language of § 7609(h)(1) too narrowly in finding that a subpoena issued by the IRS to Bank of America Bankcard Services ("Bankcard Services") in Arizona could not be challenged in this district. (Mot. 1–2.) Instead, Petitioner argues that the Court should construe subject matter jurisdiction under § 7609(h)(1) as coextensive with personal jurisdiction under the traditional minimum-contacts analysis. (Mot. 2–3.) To show the requisite contacts with this district, Petitioner asserts that Bank of America (an affiliated corporate entity) maintains retail branches in this district in which the public may inquire about and apply for credit cards issued by Bankcard Services. (*Id.* at 5.)

ORDER – 1

Under Local Rule CR 7(h)(1), motions for reconsideration are disfavored. The Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Petitioner has made no such showing here. There is no factual support for a finding that Bankcard Services or the records the IRS seeks can be "found" in this district—even employing Petitioner's broad use of that term. Nor do any of the cases cited by Petitioner support its conclusion that the presence of retail branches of a related corporate entity in this district establishes jurisdiction over a petition to quash a subpoena directed to financial records maintained in Arizona.

Finally, there is no merit to Petitioner's policy argument that the Court's reading of § 7609(h)(1) would "forc[e] a taxpayer to find [the] corporate headquarters of the third party record holder [and] conduct discovery as to where all pertinent documents are located" before filing a petition to quash. Under the plain language of § 7609(h)(1) and the written instructions on the subpoena itself (*see* Dkt. No. 1-5 at 10), Petitioner was required to do nothing more than observe the address to which the subpoena is directed, and file its petition to quash in that district. Because it failed to do so, the Court lacks subject matter jurisdiction.

Petitioner has not shown that the Court reached its conclusion by committing manifest error. The motion for reconsideration is DENIED.

SO ORDERED this 17th day of July, 2006.

*/s/ John C. Coughenour*
UNITED STATES DISTRICT JUDGE

ORDER – 2